# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 3148 | **DATE** | 3/15/2011 |
| **CASE TITLE** | International Brotherhood vs. Lopez | | |

**DOCKET ENTRY TEXT**

Plaintiffs' motion for summary judgment is granted. Status hearing set for 3/25/11 is reset for 3/22/11 at 9:30 a.m.

■[ For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT

    Plaintiffs' motion for summary judgment is granted.  Plaintiffs have presented uncontested evidence that defendant breached the International Brotherhood of Teamsters Constitution (the "international constitution"); the Local 743 Bylaws (the "bylaws"); and his fiduciary duty of loyalty under Illinois law by entering into a collective bargaining agreement with the Chicago Newspaper Guild, during his "lame duck" period as the local union's president that committed Local 743 to make "extraordinary expenditures of Local Union funds."
    In response to plaintiffs' motion, defendant filed only a declaration in which he seeks relief under Fed. R. Civ. P. 56(f).[1] Defendant states that he is currently unable to present facts to contest the motion because he is incarcerated.  Defendant further asserts: "Were defendant able to contact witnesses and review documents, he could demonstrate the falsity of plaintiffs' assertions that defendant acted <u>ultra</u> <u>vires</u>, and, moreover, would be able to demonstrate that the plaintiffs have no standing and are not the real parties in interest.  The evidence that defendant is unable to obtain due to his federal confinement would show that it is the plaintiffs who are acting <u>ultra</u> <u>vires</u> in maintaining this civil action."  But defendant does not identify the witnesses he seeks to contact, or the documents he seeks to review, or the facts he seeks to prove.  Successful invocation of Rule 56(f) requires more than the generic statement plaintiff offers. *Davis v. G.N. Mortgage Corp.*, 396 F.3d 869, 886 (7th Cir. 2005) (Rule 56(f) "is not a shield that can be raised to block a motion for summary judgment without even the slightest showing by the opposing party that his opposition is meritorious.") *See also Higgins v. Higgins*, 1997 WL 89127 at *3 (N.D.

## STATEMENT

Ill. 1997) (Williams, J.) (denying Rule 56(f) motion of incarcerated movant, noting that he had failed to specify "what witnesses he has been unable to contact or what documents he has been unable to obtain. Most critically, he fails to indicate what material facts he hopes to prove with these witnesses and documents.")

I conclude based on the foregoing that plaintiffs are entitled to a finding that defendant breached the international constitution, the bylaws, and his fiduciary duty. Accordingly, the the collective bargaining agreement with the Chicago Newspaper Guild signed by Lopez is void *ab initio*. *See N.L.R.B. v. Dominick's Finer Foods, Inc.*, 28 F.3d 678, 684 (7th Cir. 1994) (memoranda of agreement and other instruments that violated International Teamster's constitution and local bylaws, and that were executed by local union officers acting *ultra vires* were void *ab initio*).

[0] The relevant provision is now Rule 56(d), but the 2010 amendment to Rule 56 does not affect the outcome of this motion.